## STATE v. NORRIS.

1. INDICTMENT—DEMURRER—QUASHING.—If objection is desired to be interposed to an indictment, because there are a number of blank counts numbered, only several of which are filled out, it must be taken by demurrer or motion to quash.

2. CIRCUIT JUDGE—VERDICT.—When the evidence is all directed to one count in an indictment, jury are instructed as to the law applicable to that count; solicitor asks for conviction only on that count; and jury renders as verdict, "we find a verdict of guilty;" it is not error for trial Judge to erase after publication, and write, "Guilty on third count," and have foreman to sign without retiring; but this Court will only sustain such act by a Judge when confined to similar facts.

3. VERDICT—ARREST OF JUDGMENT.—To leave off the word "defendant," in a verdict on indictment against one, is not ground for arrest of judgment.

4. DISPENSARY LAW—LIQUORS.—CHARGE taken as a whole as to what is contraband whiskey, what is an unlawful use, and as to handling and delivering liquors, is not erroneous.

Before GARY, J., Greenwood, spring term, 1902. Affirmed.

Indictment against Edward Norris. From judgment on sentence, defendant appeals on following exceptions:

"I. Because it was error to overrule defendant's motion in arrest of judgment and for a new trial, based on the grounds that the Court erased the verdict rendered by the jury and wrote a different one to accord with his conception of what it intended, and to direct the foreman to sign same, without consulting the jurors or requiring them to retire to reform same, since a verdict of guilty on the third (or seventh) count was wholly unsupported, in so far as a delivery was concerned; and for that the verdict upon which the sentence was pronounced was not the verdict of the jury, and that 'handle or deliver,' in the act, should read, handle and deliver; and that both the act of handling and delivering should be committed, in order to convict defendant; but if, as his Honor holds, there were two offenses charged in the same count, judgment should be arrested.

"II. Because it was error to charge the jury as follows: 'It is only under the third count that the State asks for a conviction—that is, for having whiskey in his possession for unlawful use,' for the reason that the only count under which there was any effort on the part of the State to convict the defendant was that numbered VII., which charged the handling and delivering of contraband liquor in the night time, and the defendant, not being charged with 'having whiskey in his possession for unlawful use,' that being another offense, the jury were misled.

"III. Because it was error to charge the jury that 'If he had whiskey that is not in his possession for a lawful purpose, it is contraband,' for the reason that the statutes define contraband liquor; and dispensary liquor, although handled at night, for an unlawful purpose even, does not become contraband; and whiskey bought in another State, though handled in the night time and intended for unlawful use, is not contraband while in transit to its destination, nor is liquor while being shipped through the State to a point in another State, contraband.

"IV. Because the following words of his Honor's charge were calculated to mislead the jury into the belief that the

handling of any kind of whiskey at other than the day time, is a violation of the law, to wit: 'People who handle whiskey must do so in broad daylight,' and the same express an opinion on the facts and were calculated to incense the jury against the defendant.

"V. Because it was error to hold that all whiskey handled at night for unlawful purposes, regardless of whether the same was purchased at a dispensary or from without the State, and before its arrival at destination, or when being shipped through the State to a point in another State, is contraband.

"VI. Because it was error to charge the jury as to what contraband liquor is, when there was no effort to prove that the liquor alleged to have been handled was contraband, such charge being inapplicable to the proof.

"VII. Because these words of the charge indicate an opinion on the facts: 'It is impossible for the jury to look into a man's mind and say what his intention was, but you judge of that intent by his act and the circumstances, and if they satisfy you that he had whiskey in his possession for an unlawful purpose, that would be contraband whiskey.'

"VIII. Because the verdict is void in that it finds 'guilty,' without referring to the defendant by his name, or as defendant, and the sentence is, therefore, null and void; and to punish him under said sentence would be to deprive him of his liberty without due process of law.

"IX. Because it was error to convict the defendant of both handling and delivering, the indictment charging both, and there being no effort, even, to prove a delivery, or that the alleged liquor was contraband, and the verdict and sentence are contrary to law."

*Mr. D. H. Magill,* for appellant, cites: *Duty of Judge as to irregular verdict:* 4 N. Y. Sup., 6; 14 Rich., 85; 2 McC., 258; 22 Ency. P. & P., 966, 864. *It must be proved that liquor is contraband:* Crim. Code, 593; 55 S. C., 240; Cheves, 77. *One count charging two offenses is bad:* 1

19—65

Rich., 360; Cheves, 77; 3 McC., 442; 1 Bail., 144. *What is contraband liquor?* Crim. Code, 555; 170 U. S., 438; 55 S. C., 240, 247. *Verdict not naming defendant as such is void:* Hughes Crim. L. & Prac., sec. 3372; 6 Neb., 334; 84 Me., 566.

*Assistant Attorney General Gunter* (oral argument).

February 23, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The appeal herein raises these points:

*First.* That it is not in the power of the Circuit Judge, after a verdict of guilty, to so amend the verdict as that such verdict shall be made to conform to the count of the indictment upon which the defendant was put upon his trial, to wit: "Guilty on the third count," there being two other counts in such indictment, which were not pressed for conviction; which verdict being altered by the Circuit Judge, was signed by the foreman of the jury without the jury retiring to their room.

*Second.* That it was error to overrule defendant's motion in arrest of judgment and for a new trial.

*Third.* That the Circuit Judge erred in his charge to the jury.

We will now proceed to consider these questions in their order. The following is a statement of the facts underlying the appeal herein, as taken from the "Case:" "The defendant was convicted for violation of the dispensary law at the spring, 1902, term of the Court of General Sessions for Greenwood County, and sentenced to pay a fine of $150, or be imprisoned six months, &c. The indictment was prepared on a printed blank containing seven counts, three of which were filled in, to wit: the first charging the unlawful sale of whiskey to A. Smith; the fifth charging the receiving of liquor for unlawful use; and the seventh charging the defendant, "did wilfully and unlawfully handle and deliver

in the night time, certain contraband liquor, containing alcohol, to wit: one five gallon keg of corn whiskey." The solicitor asked for a conviction under what he denominated the 'third' count, which is designated on the margin of the indictment as count VII. The jury, after deliberation, returned with the following: 'We find a verdict guilty,' which was published by the clerk of the Court. The presiding Judge took the record, and after asking the solicitor if he asked for a conviction under other than the third count, the solicitor replying in the negative, erased said verdict and wrote on the record the following: 'Guilty on the third count.' Defendant's counsel objected. The foreman of the jury was directed to sign his name as foreman to this, which he did without retiring. The defendant moved for a new trial and in arrest of judgment, on the grounds that the presiding Judge was without authority to reform the verdict, but that the jury should have retired, and made such reformation as appeared proper under his Honor's instructions as to the law; and that the verdict upon which the sentence was pronounced was not the verdict of the jury; and that 'handle or deliver,' in sec. 593 of Criminal Statutes, should read handle *and* deliver; and in order to convict defendant, both the act of handling and the act of delivering must be committed; and as there was no effort to prove any delivery, a new trial should be ordered. If there were two offenses in the same count, judgment should be arrested. Motion overruled."

1. It must be remembered that sec. 57 of our Criminal Code provides: "Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury is sworn and not afterwards." It is made manifest that the indictment in this case was not objected to by demurrer or motion to quash before the jury was sworn, by the facts admitted in the "Case" itself. Therefore, any objection as to only three counts in the indictment, although seven blank forms for counts appeared (only three

of which were filled out), as charging violation of what is known as the dispensary law, could not be sustained. There was no irregularity in numbering the valid counts in said indictment as *Count No. 1, Count No. 2 and Count No. 3.* when referred to by the Court or counsel. *This* was the course pursued by the Circuit Judge and the solicitor before the jury. Again, the case itself shows that the solicitor only asked a conviction of the accused on the third count. The testimony offered at the trial was confined to the third count. The Circuit Judge in his charge to the jury stated they were required only to pass upon the third count, alleging in such charge to the jury, "I understand the State does not ask for a verdict as to the first and second counts. It is only on the third count that the State asks for conviction—that is, having whiskey in his possession for an unlawful purpose. If he has whiskey that is not in his possession for a lawful purpose, it is contraband, and if he handles *that* whiskey in the night time, it is a violation of the law." Thus we see the solicitor pressed alone the third count, also that the Circuit Judge confined the jury to the consideration of the third count in his charge to the jury, and also alone defined the law applicable to the third count. It must necessarily be that the verdict of the jury was alone responsive to the third count. This being so, when the jury returned a verdict thus: "We find a verdict of guilty," it was that the accused was guilty on the third count. The Circuit Judge, in his anxiety that the verdict should show this in its verbiage, wrote the words, "Guilty on the third count," and had the foreman to formally subscribe the same in open Court, without having retired to the jury room to go through the form. We must, therefore, sustain the action of the Circuit Judge in this case, but we wish our approval of an interference by the Circuit Judge with the verdict of a jury to be supported by the precise circumstances existing in this case. The first exception is overruled.

2. We do not think there was any error in the refusal by

the Circuit Judge of the motion in arrest of judgment and for a new trial. The views we have expressed heretofore in this case clearly show that the judgment should not have been arrested, and also that a new trial should not have been granted. It was not an error to omit from the verdict the words, "the defendant," so as to have it read: "We find the defendant guilty on the third count." He alone was charged in the indictment with the commission of this misdemeanor. He alone was tried. No one else could have been convicted. Besides, the verdict itself was written on the back of the indictment and under the words: "The State *vs.* Edward Norris."

3. Did his Honor err in his charge to the jury? The following was his charge: "I understand the State does not ask for a verdict as to the first and second counts. It is only on the third count that the State asks for conviction—that is, for having whiskey in his possesion for an unlawful purpose. If he has whiskey that is not in his possession for a lawful purpose, it is contraband; and if he handles that whiskey in the night time, that is a violation of the law, because the statute throws protection around it to this extent; people who handle whiskey must do so in broad daylight. It is impossible for the jury to look into a man's mind and say what his intent was, but you judge of that intent by his acts and the circumstances; and if they satisfy you that he had whiskey in his possession for an unlawful purpose, that would be contraband whiskey, and if he handles it in the night, then he would be guilty of handling contraband liquor at night. It is a question of fact for you. If you believe the evidence sufficiently makes out the third count in the indictment, if you do, you will find the defendant guilty. In coming to your conclusion, the defendant is entitled to the benefit of any reasonable doubt you might have as to any material facts of the case." It was not error for his Honor to charge as he did, "If he has whiskey in his possession for an unlawful purpose; if he has whiskey that is not in his possession for a lawful purpose, it is contraband;

and if he handles that whiskey in the night time, &c., but you must judge of the intent by his acts and the circumstances, and if they satisfy you that he had whiskey in his possession for an unlawful purpose, that would be contraband whiskey; and if he handled it in the night, then he would be guilty of handling contraband liquor at night." Thus, and by reason of what the Circuit Judge said in his whole charge, it is evident that exceptions 2, 3, 4, 5, 6 and 7, based upon isolated sentences of the charge, must be overruled.

We have already overruled exception 8.

So far as the ninth exception is concerned, it must be overruled, because the Circuit Judge was not requested to charge as to "delivery." However, the testimony was before the jury as to what the defendant did with the five gallon keg of whiskey, when he threw it across and over the fence. It may have been that the jury concluded that such was a delivery. Lawbreakers adopt curious means to evade the law, and the common sense of juries enables them to form conclusions as to facts when trying such lawbreakers. The section of our criminal code here concerned is sec. 593, and refers to "handling" or "delivering" contraband liquor in the night time. Besides, the accused did not demur to the indictment or move to quash the same before the jury entered upon the trial. Let the exceptions be reported.

It is the judgment of this Court, that the judgment of the Circuit Court is affirmed.

Mr JUSTICE GARY *concurs in the result.*